UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA CARSWELL, etc., | ) | CASE NO. 5:18-cv-1327 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CITY OF AKRON, OHIO, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiff Lisa Carswell, individually and as administratrix of the Estate of Xavier McMullen, to remand this case to the Summit County Court of Common Pleas. (Doc. No. 5 ["Mot."].) Defendants have filed a response in opposition (Doc. No. 6 ["Opp'n"]) and plaintiff filed a reply (Doc. No. 7 ["Reply"]). In addition to remand, plaintiff's motion also seeks an award of attorney's fees, which defendants oppose. For the reasons set forth herein, the case is remanded, but no attorney's fees are granted.

## I. BACKGROUND

On May 10, 2018, plaintiff filed a complaint in the state court. She alleges that, on August 25, 2017, the decedent Xavier McMullen ("McMullen") was arrested (along with others) following a 911 call reporting an aggravated robbery. (Doc. No. 1-3, Complaint ["Compl."] ¶¶ 24, 61.) At no time during the arrest was McMullen searched; he was simply handcuffed and placed alone and unattended in a police car to await transport. (*Id.* ¶¶ 63, 64, 67, 71, 76.) Although the arresting officers on the scene reported hearing a "loud pop," no one checked on McMullen until nearly 20 minutes later, when he was found in the police car, still handcuffed behind his back, but with a gunshot wound to his head and a gun on his lap. (*Id.* ¶¶ 84, 87, 90, 91, 95.) McMullen was

pronounced dead 28 minutes after he was discovered. (*Id*. ¶¶ 91, 104.) Plaintiff alleges that McMullen's death resulted from defendants' failure to follow the Akron Police Department policy and procedure stating that "[n]o prisoner shall be placed into a vehicle until he has been searched[,]" as well as their failure to ascertain whether the rear seat of the vehicle was "clear of a firearm[.]" (*Id*. ¶¶ 108-115.) The complaint sets forth eight claims for relief: (1) wrongful death; (2) loss of consortium; (3) survival action; (4) spoliation of evidence; (5) negligent hiring, training, and retention; (6) supervisory liability/respondeat superior; (7) state civil rights; and (8) punitive damages.

Defendants' removal petition asserts that counts one, three, and six of the complaint state claims under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments to the United States Constitution, and for municipal liability related to such violations. (Doc. No. 1, Notice of Removal ["Notice"] at 1.[1])

## II. DISCUSSION

**A.     Motion to Remand**

Under 28 U.S.C. § 1441(a), a civil action may be removed from a state court only when the federal court has original jurisdiction over the claims alleged in the state court complaint. Original jurisdiction comes in two forms: federal question or diversity.

In her motion, plaintiff asserts that all of her claims are brought solely under state law and, since there is no diversity here, this Court lacks jurisdiction and must remand the matter. Although acknowledging that the allegations of the complaint that are referenced in the removal petition may *also* support a federal claim or claims, she argues that she is raising no such claims.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

Federal jurisdiction must be apparent "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). This "well-pleaded complaint" rule "makes the plaintiff the master of the claim[.]" *Id.* "[S]he may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (footnote omitted). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced[,]" *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809, n.6, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), and "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (quotation marks and citation omitted).

Here, despite defendants' passing reference to § 1441(b) (Notice at 2), there is no diversity of citizenship apparent on the face of the complaint. Therefore, the only other alternative for jurisdiction in this Court is the existence of a federal question, which "can be established by showing either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff's complaint relies entirely upon state law. Although defendants attempt to construe the first, third, and sixth claims for relief as being brought under 42 U.S.C. § 1983, such a claim would require not only invocation of that statute, but also allegations that the defendants violated federally-protected rights while acting under color of state law. *Baynes v. Cleland*, 799 F. 3d 600, 607 (6th Cir. 2015). The complaint contains no such allegations, and defendants' attempt to convert the state claims to federal claims is unavailing. *See Great North Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S. Ct. 237, 62 L. Ed. 2d 713 (1918) ("[I]n the absence of a fraudulent purpose

3

to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case[.]"). "Generally, a state law claim cannot be 'recharacterized' as a federal claim for the purpose of removal." *Loftis*, 342 F.3d at 515.

Removal statutes are narrowly construed because federal courts are courts of limited jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). The Sixth Circuit follows a policy that "'[a]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Defendants, as the parties seeking removal, have failed to meet their burden of demonstrating that this Court has original jurisdiction. *Eastman v. marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

Accordingly, plaintiff's motion to remand is granted.

**B.     Request for Attorney's Fees**

Plaintiff also seeks an award of attorney's fees for having had to file the motion to remand. Under 28 U.S.C. 1447(c), a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.

Defendants argue that the wrongful death claim in count one "can only be read as a Fourteenth Amendment Substantive Due Process claim." (Opp'n at 88; *see also* Notice at 1-2.) They argue that the survivorship action in count three "is a clear invocation of the state-created

4

danger doctrine, which is a Fourteenth Amendment Substantive Due Process doctrine." (Opp'n at 88-89.) Finally, they argue that count six contains "an obvious reference to municipal liability under 42 U.S.C. § 1983." (*Id.* at 87.)

Although the Court construes plaintiff's complaint differently than defendants do, in light of defendants' explanation, it does not conclude that they "lacked an objectively reasonable basis for seeking removal." *Martin*, *supra*.

Accordingly, plaintiff's request for an award of attorney's fees is denied.

**IT IS SO ORDERED**.

Dated: September 25, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**